1

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   ROBERT D. GIBSON,                     )     Case No. 2:09-cv-00230-MSB
                                           )
11            Plaintiff,                   )     **ORDER**
                                           )
12   vs.                                   )
                                           )
13   CHIEF MEDICAL OFFICER                 )
     OF CALIFORNIA DEPARTMENT              )
14   OF CORRECTIONS, *et al.*,             )
                                           )
15            Defendants.                  )
     _____     )
16

17          This case was reassigned to the undersigned judge.  (Dkt. # 4).  Plaintiff Robert D.

18   Gibson, who is currently confined in the Salinas Valley Prison, has filed a *pro se* civil rights

19   Complaint pursuant to 42 U.S.C. § 1983.  (Dkt. #s 1, 5, 11).  After reviewing Gibson's

20   Application to Proceed *In Forma Pauperis* (Dkt. #2) and Motions to Proceed *In Forma*

21   *Pauperis* (Dkt. #s 8, 9, 12), the Court will grant Gibson's request to proceed *in forma*

22   *pauperis*.  The Court will also grant Gibson's Motion to File a Second Amended Complaint

23   (Dkt. # 10).  After screening Gibson's Second Amended Complaint pursuant to 28 U.S.C.

24   § 1915A, to the extent discussed below, the Court will dismiss the Second Amended

25   Complaint (Dkt. #11) without prejudice.  The Court will grant Gibson leave to file an

26   amended complaint.

27

28

## I.      Application to Proceed In Forma Pauperis & Filing Fee

Gibson requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. #s 2, 8, 9, 12).  Gibson has made the showing required by § 1915(a)(1), (2) and his request to proceed *in forma pauperis* will be granted.  (*Id.*).  Pursuant to 28 U.S.C. § 1915(b)(1), Gibson is obligated to pay the statutory filing fee of $350.00 for this action.  An initial partial filing fee will not be assessed as Gibson's inmate account has a negative balance.  Gibson is required to make monthly payments of twenty percent of the preceding month's income credited to his account.  By separate order, the Court will direct the California Department of Corrections to collect these payments and forward them to the Clerk of the Court each time the amount in Gibson's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b).

## II.     Second Amended Complaint

Gibson filed a Motion for Leave to File a Second Amended Complaint (Dkt. # 10). In his Second Amended Complaint, Gibson eliminated several causes of action raised in his original and First Amended Complaints.  (Dkt. #s 1, 5).  The Court will grant Gibson's Motion for Leave to File a Second Amended Complaint.  Gibson should take note, however, that an amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court treats the previous complaints as nonexistent. *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the previous complaints is waived if it is not raised in the amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Thus, any cause of action Gibson raised in his original or First Amended Complaint is waived and the Court will consider only those claims specifically asserted in the Second Amended Complaint.

## III.    Motion to Appoint Counsel

Gibson moves the Court to appoint counsel to represent him pursuant to 28 U.S.C. § 1915(e).  (Dkt. # 7).  "[T]here is no constitutional right to appointed counsel for § 1983 claims . . . ." Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  Nonetheless, 28

1  U.S.C. § 1915(e)(1) "confers on a district court the discretion to designate counsel to
2  represent an indigent civil litigant" upon a finding of "exceptional circumstances." *Wilborn*
3  *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quotation omitted). "A finding of
4  exceptional circumstances requires an evaluation of both the likelihood of success on the
5  merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the
6  complexity of the legal issues involved. Neither of these factors is dispositive and both must
7  be viewed together before reaching a decision." *Id.* (alteration in original) (internal quotation
8  marks and citation omitted).

9      Gibson contends that appointment of counsel is warranted in this case because (1) he
10  "cannot afford to hire private counsel," (2) he is limited in his ability to investigate and
11  pursue discovery due to his imprisonment, (3) the issues in his case are "extremely complex,"
12  (4) he "will be seeking temporary medical injunction orders," and (5) his "failing health will
13  also be a factor in his ability to prosecute this action." (Dkt. # 7 at 1-2). None of these
14  factors constitutes an exceptional circumstance, however. Gibson's inability to hire private
15  counsel does not necessitate the appointment of counsel, as the Court has granted Gibson's
16  request to proceed *in forma pauperis*. Nor does Gibson's need for investigation warrant a
17  finding of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.
18  1997), *overruled in part en banc on other grounds*, 154 F.3d 952, 954 n.1 (1998).
19  Additionally, Gibson has not made the requisite showing of probable success on the merits
20  and an inability to articulate his claims *pro se* in light of the complexity of the legal issues
21  involved in this case. Moreover, Gibson has not shown that his health prevents him from
22  adequately pursuing this litigation as he has already filed multiple pleadings and motions in
23  this case. The Court will therefore deny Gibson's motion to appoint counsel without
24  prejudice.

25  **IV.    Statutory Screening of Prisoner Complaints**

26      The Court is required to screen complaints brought by prisoners seeking relief against
27  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
28  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

1   claims that are legally frivolous or malicious, fail to state a claim upon which relief may be

2   granted, or seek monetary relief from a defendant who is immune from such relief.   28

3   U.S.C. § 1915A(b)(1), (2).

4   **V.     Background**

5       Gibson is currently housed at the Salinas Valley Prison in Soledad, California. (Dkt.

6   # 11 at 2).  Gibson alleges four causes of action: 1) that 42 U.S.C. §1997e is unconstitutional

7   because it is a  Bill of Attainder, violates the First Amendment because it blocks access to

8   the courts, violates the Seventh Amendment right to a civil trial, and violates the Ninth

9   Amendment; 2) that California Penal Code §§ 2600-2601 is unlawfully applied to him ex

10  post facto because it was enacted after he was sentenced; 3) that the defendants have violated

11  the Eighth Amendment because they have failed to provide him treatment for Hepatitis C;

12  and 4) that the prison's poor food diet and unsanitary conditions violate the Eighth

13  Amendment.

14      Gibson names the following parties as defendants: Arnold Schwarzenegger, Governor

15  of the State of California (*id.* at 2-3); Robin Dezember, the Director of the Division of

16  Correctional Health Care Services of the California Department of Corrections and

17  Rehabilitation (*id.* at 3); the Chief Dietitian of the California Department of Corrections (*id.*);

18  Edmund G. Brown, Attorney General of California (*id.* at 4); Trace Maiorino, Deputy

19  Attorney General of California (*id.*); Kellis M. Hammond, Deputy Attorney General of

20  California (*id.*); and William Cashdollar, Deputy Attorney General of California (*id.* at 5,

21  10).

22      Gibson suffers from Hepatitis C.  (*Id.* at 8).  Gibson alleges that the defendants are

23  deliberately indifferent to his condition.  (*Id.* at 9).  He contends that prison officials have

24  refused to treat him with anti-viral drugs, which he believes would improve his condition or

25  eradicate the virus.  (*Id.* at 7-8).  Gibson also contends that the Chief Medical Officer has

26  failed to change the protocol for treatment of Hepatitis C and to implement a policy for

27  immediate anti-viral drug treatment of qualified prisoners. (*Id.* at 9).  Gibson also alleges

28  negligence and malpractice based on a liver biopsy procedure that he describes as

- 4 -

1 "incompetent" and "botched," causing him "unnecessary pain and delay in his treatment for

2 [Hepatitis]." (*Id.* at 12).

3       In addition, Gibson alleges that the prison's food is unsanitary and contributes to his

4 poor health. (*Id.* at 13). According to Gibson, the food is stored outdoors and is left

5 uncovered. (*Id.*). In addition, Gibson contends that the food is "sodium laced" and "lacks

6 any nutritional value." (*Id.*).

7       Furthermore, Gibson alleges that the California Attorney General's office engaged in

8 a "[p]attern of [r]acketeering [a]ctivity" by using false affidavits and tampering with

9 witnesses in three earlier civil rights cases Gibson filed. (*Id.* at 10-11). According to Gibson,

10 these actions deprived him of his civil rights by blocking him from bringing a legal action.

11 (*Id.* at 11).

12       Gibson also challenges the validity of 42 U.S.C. § 1997e. He states that he has been

13 unable to find legal counsel in another civil rights action "that went to [j]ury [t]rial" because

14 the law disadvantages prisoners in such matters, (*id.* at 14-15), and so contends that the law

15 is an unlawful bill of attainder and violates the First Amendment because it makes the prison

16 grievance procedure a prerequisite despite "full knowledge of the tyrannical acts of [s]tate

17 [o]fficials." (*Id.* at 14.). Gibson also contends that the law's waiver clause violates the First

18 Amendment right to petition and the Seventh Amendment right to a trial, and gives

19 preference to attorneys who practice on behalf of free citizens in violation of Article One,

20 section 9 of the U.S. Constitution. (*Id.* at 14-15)

21       Finally, Gibson challenges the validity of California's prison regulations. Gibson

22 contends that the California law, Cal. Penal Code §§ 2600-2601, which governs certain

23 prison conditions, is unlawfully applied ex post facto to him because it was enacted in 1994,

24 several years after he had been sentenced. (*Id.* at 16-17). According to Gibson, at the time

25 he was sentenced, an Inmate Bill of Rights existed that protected prisoners from "oppressive

26 and tyrannical acts of prison officials," but the 1994 change in the law "reduced the level of

27 . . . medical care, food, clothing and other living conditions or housing needs" in violation

28 of the Inmate Bill of Rights. (*Id.* at 16). Gibson argues that these changes are

1    unconstitutionally applied to him ex post facto because they "attach[] new legal
2    consequences" to his sentence. (*Id.* at 17).

3    **VI.    Discussion**

4            42 U.S.C. § 1983 provides a cause of action against persons acting under color of state
5    law who have violated rights guaranteed by the United States Constitution. *See Buckley v.*
6    *City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Demery v. Kupperman*, 735 F.2d 1139,
7    1146 (9th Cir. 1984).  To state a valid claim for relief under § 1983, a plaintiff must allege
8    that he suffered a specific injury as a result of a defendant's specific conduct and show an
9    affirmative link between the injury and that defendant's conduct. *Rizzo v. Goode*, 423 U.S.
10   362, 371-72, 377 (1976).

11           **A.    Pleading Standard**

12           *Pro se* pleadings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-
13   21 (1972).  Nonetheless, a *pro se* plaintiff must satisfy the pleading standard set forth in the
14   Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim
15   *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).
16   "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  While Rule
17   8 does not demand detailed factual allegations, "it demands more than an unadorned, the-
18   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
19   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
20   conclusory statements, do not suffice." *Id.*

21           **B.    Claims Against "Defendants" Generally**

22           Gibson asserts several claims against "defendants" generally.  The Court notes,
23   however, that "[t]he inquiry into causation must be individualized and focus on the duties
24   and responsibilities of each individual defendant whose acts or omissions are alleged to have
25   caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).
26   Thus, to the extent the Court can reasonably infer the individual defendants against whom
27   Gibson asserts a claim, it will do so.  To the extent it cannot, the Court will dismiss them
28   without prejudice.

1    **C.    Eighth Amendment**

2        The Eighth Amendment prohibits the imposition of cruel and unusual punishment and

3    "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and

4    decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d

5    571, 579 (8th Cir. 1968)).   Gibson alleges an Eighth Amendment violation based on

6    inadequate medical treatment and prison conditions at the Salinas Valley Prison.  (Dkt. # 11

7    at 7-9, 12, 13, 19).

8        To state a claim against a prison official under the Eighth Amendment a plaintiff must

9    establish that: (1) "the deprivation alleged . . . [is] sufficiently serious" under an objective

10   standard, and (2) the "prison official [] ha[d] a sufficiently culpable state of mind" under a

11   subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks

12   and citation omitted).  The objective requirement is met where the "prison official's act or

13   omission [] result[s] in the denial of the minimal civilized measure of life's necessities." *Id.*

14   (internal quotation marks and citation omitted).  The subjective requirement is met where the

15   prison official acts with "deliberate indifference to inmate health or safety." *Id.* (internal

16   quotation marks and citation omitted).   A prison official acts with deliberate indifference

17   when he "knows of and disregards an excessive risk to inmate health or safety; the official

18   must both be aware of facts from which the inference could be drawn that a substantial risk

19   of serious harm exists, and he must also draw the inference." *Id.* at 837.   Furthermore,

20   deliberate indifference is a higher standard than negligence or lack of ordinary due care. *Id*.

21   at 835.

22            i. Medical treatment

23       A prison official violates the Eighth Amendment when he acts with "deliberate

24   indifference to serious medical needs of prisoners." *Estelle*, 429 U.S. at 104.   Factors

25   indicating a serious medical need include: (1) whether a reasonable doctor would consider

26   the condition "worthy of comment or treatment"; (2) whether the condition "significantly

27   affects an individual's daily activities;" and (3) whether the condition involves "chronic and

28   substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).   To establish

1  deliberate indifference the plaintiff must show both "a purposeful act or failure to respond

2  to a prisoner's pain or possible medical need and . . . harm caused by the indifference." *Jett*

3  *v. Penner*, 439 F.3d 1091, 1097 (9th Cir. 2006) (citation omitted).  A prisoner cannot show

4  deliberate indifference merely by showing a "'difference of medical opinion' . . . [r]ather, to

5  prevail on a claim involving choices between alternative courses of treatment, a prisoner

6  must show that the chosen course of treatment 'was medically unacceptable under the

7  circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's

8  health.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v.*

9  *McIntosh*, 90 F.3d 330, 332 (9th Cir.1996)).  "Prison officials are deliberately indifferent to

10  a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere with

11  medical treatment.'"  *Lopez*, 203 F.3d at 1131.  Mere claims of "indifference," "negligence,"

12  or "medical malpractice" do not constitute deliberate indifference.  *Broughton v. Cutter*

13  *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).  "In order to state a cognizable claim, a prisoner

14  must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

15  serious medical needs."  *Estelle*, 429 U.S. at 105.

16        Here, Gibson fails to show deliberate indifference on the part of prison officials with

17  respect to his medical treatment.  He argues that his hepatitis will worsen if he does not

18  receive anti-viral treatment, (Dkt. # 11 at 7-9), but does not allege that the treatment he is

19  receiving is medically unacceptable under the circumstances or that it was chosen in

20  conscious disregard of an excessive risk to his health.  Gibson also alleges that a "botched"

21  biopsy was performed in "total disregard for [his] safety and health" and "caus[ed] [him]

22  unnecessary pain and delay in his treatment." (*Id.* at 12).  He does not, however, explain how

23  his biopsy was "botched" or allege facts sufficient to support his conclusory allegations

24  concerning the harm caused by the biopsy or the defendants' alleged deliberate indifference

25  to his medical needs.  Gibson therefore fails to state  a claim under the Eighth Amendment

26  based on medical treatment.

27        ii. Prison Food

28

1    "Adequate food is a basic human need protected by the Eighth Amendment." *Keenan*

2    *v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th

3    Cir. 1982). "While prison food need not be 'tasty or aesthetically pleasing,' it must be

4    'adequate to maintain health.'" *Id.* (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1456 (1993)).

5    The Supreme Court has stated that a disciplinary diet providing less than 1,000 calories per

6    day "might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v.*

7    *Finney*, 437 U.S. 678, 687 (1978); *see also Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir.

8    2009) (holding that an allegation that sixteen meals had been withheld over twenty-three

9    days, leading to weight loss and dizziness, was sufficient to state a claim under the Eighth

10   Amendment).

11        Gibson alleges that the prison food at the Salinas Valley Prison is kept in unsanitary

12   conditions and contains harmful amounts of sodium. (Dkt. #11 at 13). He also alleges that

13   the food is inadequately nutritional and "contributes to [his] bad health." (*Id.*). Gibson does

14   not, however, allege specific facts to support his conclusory allegations that the food is

15   unsanitary or explains how it harms his health. He does not allege that the prison diet

16   amounts to a sufficiently serious denial of the minimal measure of necessities or that it

17   constitutes deliberate indifference by prison officials. Accordingly, Gibson fails to state a

18   claim against the Chief Dietitian of the Department of Corrections under the Eighth

19   Amendment.

20        **D.    42 U.S.C. § 1997e**

21        Gibson alleges that 42 U.S.C. § 1997e violates the First, Seventh, and Ninth

22   Amendments and is an unlawful Bill of Attainder. According to Gibson, § 1997e has made

23   it impossible for him to find legal counsel and its purpose is "to punish incarcerated

24   person[s]." (Dkt. #11 at 14). To state a claim of denial of access to the courts, a prisoner

25   "must identify a 'nonfrivolous,' 'arguable' underlying claim" that the prisoner has been or

26   will be unable to pursue properly because the defendant's actions have denied the prisoner

27   meaningful access to the courts. *See, e.g., Christopher v. Harbury*, 536 U.S. 403, 415 (2002)

28   (quoting *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996)). Here, Gibson alleges only a

1  "[p]attern of [r]acketeering [a]ctivity" by certain attorneys in the California Attorney

2  General's Office in other civil actions he has pursued in court, but not that he has in fact been

3  denied access to the courts.  Gibson also fails to identify any legal basis underlying his

4  conclusory assertions regarding the constitutionality of 42 U.S.C. § 1997e.  He therefore fails

5  to state a claim upon which relief can be granted against the California Attorney General

6  defendants.

7          **E.     California Penal Code sections 2600-2601**

8          Gibson claims that Cal. Penal Code §§ 2600-2601 violate the U.S. Constitution

9  because they are applied to him ex post facto.  The U.S. Constitution provides that "No State

10  shall . . . pass any . . . ex post facto Law."  U.S. Const. art. I, § 10.  The Ex Post Facto Clause

11  is violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the

12  new regulations have created a "sufficient risk" of increasing the punishment attached to the

13  defendant's crimes.  *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003).  In order to

14  violate the clause, the law in question must essentially alter "the definition of criminal

15  conduct" or increase the "punishment for the crime."  *Lynce v. Mathis*, 519 U.S. 433, 442

16  (1997).

17          Here, Gibson alleges that prison regulations regarding "medical care, food, clothing

18  and other living conditions or housing needs" are stricter now than at the time he was

19  sentenced.  (Dkt. #11 at 16.)  He does not, however, allege that the new regulations have

20  created a sufficient risk of increasing his punishment.  He therefore fails to state a claim upon

21  which relief can be granted.

22  **VII.   Warnings**

23          **A.     Address Changes**

24          Gibson must file and serve a notice of a change of address in accordance with Rule

25  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Gibson must not include a

26  motion for other relief with a notice of change of address.  Failure to comply may result in

27  dismissal of this action.

28          **B.     Copies**

1    Gibson must submit an additional copy of every filing for use by the Court.  *See*

2    LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

3    notice to Gibson.

4    **C.    Possible "Strike"**

5    Because the Complaint has been dismissed for failure to state a claim, if Gibson fails

6    to file an amended complaint correcting the deficiencies identified in this Order, the

7    dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

8    Under 28 U.S.C. § 1915, a prisoner may not bring a civil action *in forma pauperis* "if the

9    prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

10   brought an action or appeal in a court of the United States that was dismissed on the grounds

11   that it was frivolous, malicious, or fails to state a claim upon which relief may be granted,

12   unless a prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

13   **D.    Possible Dismissal**

14   If Gibson fails to timely comply with every provision of this Order, including these

15   warnings, the Court may dismiss this action without further notice.  *See, e.g.*, *Ferdik*, 963

16   F.2d at 1260-61(a district court may dismiss an action for failure to comply with the court's

17   order).

18   **Accordingly,**

19   **IT IS HEREBY ORDERED THAT:**

20   (1)    Gibson's Application to Proceed *In Forma Pauperis* (Dkt. # 2) and Motions

21   to Proceed *In Forma Pauperis* (Dkt. #s 8, 9, and 12) are **granted** pursuant to 28 U.S.C. §

22   1915(a)(1).

23   (2)    Gibson is obligated to pay the statutory filing fee of $350.00 for this action

24   pursuant to 28 U.S.C. § 1915(b)(1).  All fees must be collected and paid in accordance with

25   this Court's order to the California Department of Corrections, which will be filed

26   concurrently with this Order.

27   (3)    Gibson's Motion to Appoint Counsel is **denied** without prejudice.  (Dkt. # 7).

28

1        (4)    Gibson's Motion for Leave to File a Second Amended Complaint is **granted**.

2    (Dkt. # 10).

3        (5)    Gibson's Second Amended Complaint (Dkt. #11) is **dismissed** without

4    prejudice for failure to state a claim upon which relief may be granted.  Gibson has **30 days**

5    from the date this Order is filed to file a third amended complaint in compliance with this

6    Order.

7        (6)    The Clerk of the Court shall send Gibson a Prisoner Complaint form along with

8    this order.

9        (7)    If Gibson fails to file an amended complaint within 30 days from the date of

10   this Order, the Clerk of the Court shall, without further notice, enter a judgment of dismissal

11   of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C.

12   § 1915(g).

13       (8)    The Clerk of the Court shall include with this Order a form for filing an

14   amended complaint.

16       DATED this 9th day of April, 2010.

18       /s/ Marsha S. Berzon
         MARSHA S. BERZON
19       United States Circuit Judge, sitting by designation