IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON, | Case No. 2:09-cv-00230-MSB |
| Plaintiff, | **ORDER** |
| vs. | |
| CHIEF MEDICAL OFFICER OF CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Plaintiff Robert D. Gibson, who is currently confined in the Salinas Valley Prison in Soledad, CA, has filed a Motion for Extension of Time to File a Fourth Amended Complaint. (Dkt. #21). Gibson has also filed a Motion to Authenticate the Court's April 9, 2010 order. (Dkt. #22).

In its July 8, 2010 order, the Court screened Gibson's third amended *pro se* civil rights complaint pursuant to 28 U.S.C. § 1915A and determined that the allegations in the complaint were insufficient to state a claim for relief under the Eighth Amendment, 42 U.S.C. § 1997e, and Cal. Penal Code §§ 2600-01. (Dkt. #19). The Court granted Gibson leave to file a Fourth Amended Complaint in accordance with the Court's order by August 9, 2010. (*Id.*).

1    First, with regard to the Motion to Authenticate the Court's April 9, 2010 order
2 dismissing Gibson's Second Amended Complaint, the order was issued by the undersigned.
3 Additionally, to the extent that Gibson states that "[t]he second amended complaint . . . was
4 plagiarized from complaints filed by licensed Attorneys on file with the District Court" (Dkt.
5 #22 at 1), he is reminded that "[t]hreadbare recitals of the elements of a cause of action,
6 supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
7 1949 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic
8 recitation of the elements of a cause of action will not do."). Rather, the Complaint must
9 allege *facts* sufficient "to raise a right to relief above the speculative level." Twombly, 550
10 U.S. at 555.

11    Second, in his Motion For Extension of Time to File a Fourth Amended Complaint,
12 Gibson requests that the Court extend by 90 days the deadline to amend his complaint. (Dkt.
13 #21). Gibson states that he intends to rewrite the Complaint and file a Motion for
14 Reconsideration of the Court's July 8, 2010 order. (*Id.* at 1). Gibson also states that "[d]ue
15 to the [r]acial [l]ockdowns[,] [he] doesn't know when he will be allowed adequate access to
16 office supplies [that] he has purchased for the preparation of the [m]otions in this action."
17 (*Id.*).

18    **Accordingly,**
19    **IT IS HEREBY ORDERED THAT:**

20    (1)    Plaintiff's Motion for Extension of Time to file a Fourth Amended Complaint
21 (Dkt. #21) is **granted in part and denied in part**. If Plaintiff chooses to file a fourth
22 amended complaint, he must do so no later than **October 11, 2010**. Plaintiff must clearly
23 designate on the face of the complaint that it is the "Fourth Amended Complaint." The
24 fourth amended complaint must be retyped or rewritten in its entirety and may not
25 incorporate any part of the prior complaints by reference. Plaintiff is reminded that an
26 amended complaint entirely supersedes the prior complaints; the prior complaints are treated
27 as nonexistent after amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.
28 1992). Any cause of action raised in a prior complaint is waived if it is not raised in the

amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Plaintiff is also reminded that the Court is required to screen any amended complaint under 42 U.S.C. § 1915A.  If Plaintiff chooses not to amend his complaint, he may voluntarily dismiss this action by filing a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) no later than October 11, 2010.  Plaintiff is warned, however, that "if [he] previously dismissed any federal-or state-court action based on or including the same claim[s asserted in this action], [the] notice of dismissal [will] operate[] as an adjudication on the merits."  FED. R. CIV. P. 41(a)(1)(B).

   (2) Plaintiff's Motion to Authenticate the Court's April 9, 2010 order (Dkt. #22) is **granted**.

   (3) Plaintiff's Motion for 90-Day Extension of Time (Dkt. #20) is **denied** as moot.

   (4) **No further extensions of time to file an amended complaint will be granted.**  If Plaintiff fails to file an amended complaint or a Notice of Dismissal by October 11, 2010, the Court shall, without further notice, order the Clerk of the Court to dismiss this action.  The dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

   DATED this 25th day of August, 2010.

          /s/ Marsha S. Berzon
          MARSHA S. BERZON
          United States Circuit Judge, sitting by designation